FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 07, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA B.[1], <br><br>   Plaintiff, <br><br>   v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br>   Defendant. | No. 4:21-CV-05083-SAB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 15, 16. The motions were heard without oral argument. Plaintiff is represented by Chad L. Hatfield; Defendant is represented by Frederick Fripps and Timothy M. Durkin.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 15, and denies Defendant's Motion for Summary Judgment, ECF No. 16.

## I.    Jurisdiction

On February 3, 2016, Plaintiff filed an application for supplemental security income. Plaintiff's application was denied initially and on reconsideration.[2] On October 22, 2020, Plaintiff appeared and testified by telephone before ALJ Stewart Stallings, with the assistance of her counsel, Chad Hatfield. Carrie Guthrie-Whitlow, vocational expert, also participated. The ALJ issued a decision on November 16, 2020, finding Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on March 25, 2021. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on May 28, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

---

[2] On March 21, 2019, a hearing was held before an ALJ, who issued an unfavorable decision on June 17, 2019. On June 16, 2020, the Appeals Council remanded the case for further proceedings.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff turned 50 in November 2019. She has her GED. In 2010, Plaintiff qualified for SSI. She went to prison for drug charges and lost her benefits.

At the hearing before the ALJ, Plaintiff explained that her carpel tunnel in her right hand makes it hard for her to hold a pencil. Her elbow all the way down to her hand gets numb. She stated she cannot use a computer because it causes tingling and her hand goes numb immediately. She explained that she can only wash a couple of dishes at a time and her daughter comes over almost every day and helps her with everything, including the housework and grocery shopping. She testified that her knees have gotten worse, and it is difficult to walk very far. She testified that she needs to elevate her legs three or four times a day for 20-30

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

minutes at a time. She also testified that she has issues with depression, anger, asthma, and COPD. She testified that she lays in her bed two or three days a week, unable to shower or get dressed.

She testified that she used marijuana two or three times in the last six or seven months. She doesn't use it that often, but she was stressed out. She also explained that it helped with the pain in her knees and hands.

A review of Plaintiff's testimony in the prior hearings reveal that Plaintiff has suffered significant physical and sexual abuse, including childhood molestation and rape. As a result, she has a hard time trusting others and has a hard time talking about her trauma with counselors.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-28. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 3, 2016, the application date. AR 17.

At step two, the ALJ identified the following severe impairments: major depressive disorder in partial remission; bipolar disorder; PTSD; generalized anxiety disorder; unspecified personality disorder with mixed features; lumbar degenerative disc disease; hypothyroidism; obesity (same as vacated ALJ decision); and methamphetamine abuse; bilateral carpal tunnel; left knee arthritis; right ulnar neuropathy. AR 20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 20. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 416.967(b) with the following limitations. She can lift up to 20 pounds occasionally and lift and/or carry up to 10 pounds frequently, stand or walk about six hours in an eight-hour workday and sit about six hours in an eight-hour workday with normal breaks. She would need a sit/stand option, defined as change from a standing position to a sitting position, or vice-versa,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

approximately every 30 minutes for about five minutes while remaining at the workstation. Sit/stand at will is acceptable. No foot control operations. No ladders, ropes or scaffolds; occasional ramps and stairs; occasional stooping; rare (defined as no more than 15% of the time) crouching, kneeling and crawling. Frequent handling and fingering bilaterally. No exposure to irritants such as fumes, odors, dusts, gases, poorly ventilated areas and chemicals, specifically in the industrial setting not just walking outside on a bad day or being around household cleaners. No moving or dangerous machinery or unprotected heights. Simple, routine and repetitive work, no production pace conveyer belt type-work. Occasional simple workplaces changes and a predictable environment. No more than occasional interaction with the public, supervisors and coworkers.

AR 22.

At step four, the ALJ found that Plaintiff had no past relevant work. AR 27.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, such as assembler, small parts; inspector and hand packager; and nut and bolt assembler. AR 28.

**VI. Issues for Review**

1. Whether the ALJ properly evaluated the medical opinion evidence?
2. Whether the ALJ properly evaluated Plaintiff's symptom testimony?
3. Whether the ALJ properly conducted an adequate analysis at Step Five?

**VII. Discussion**

**1. The ALJ's evaluation of the medical opinion evidence**

Plaintiff argues the ALJ erred in evaluating the medical opinions of Dr. Morgan, Dr. Genthe, and Dr. Jenkins-Guarnieri.

The medical opinion of a claimant's treating physician is given "controlling weight" as long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. § 404.1527(c)(2)-(6). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 675 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

**A.    Dr. David T. Morgan**

On July 23, 2020, Dr. David T. Morgan, Ph.D completed a psychological evaluation of Plaintiff. Dr. Morgan noted that Plaintiff had bipolar disorder and PTSD with moderate to marked severity. AR 775. He found that Plaintiff had *Marked* severity in the following areas: Perform activities within a schedule, maintain regular attendance, and be punctual with customary tolerances without special supervision; Adapt to changes in a routine work setting; Communicate and perform effectively in a work setting; Maintain appropriate behavior in a work setting; and Complete a normal work day and work week without interruptions from psychologically based symptoms. *Id.* He found that Plaintiff had Moderate severity in the following areas: Understand, remember, and persist in tasks by following detained instructions; Learn new tasks; Perform routine tasks without special supervision; Make simple work-related decisions; Be aware of normal hazards and take appropriate precautions; Ask simple questions and request assistance; and Set realistic goals and plan independently. *Id.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

The ALJ gave little weight to the marked limitations by Dr. Morgan because the mental status examination was unremarkable, and because Plaintiff was not truthful about her substance abuse. The ALJ's evaluation of Dr. Morgan's opinion is not supported by substantial evidence in the record. Notably, it is this Court's understanding that the phrase "in recovery" does not necessarily indicate complete abstinence. Rather, it is this Court's understanding that relapses can be part of the recovery process. Also, Dr. Morgan noted that Plaintiff's bipolar disorder would cause depression including depressed mood, anhedonia, too much sleep, fatigue, agitation, feelings of worthlessness and poor concentration and that it would also cause mania, including elevated mood, increased energy, limited sleeping, pressured speech, flight of ideas, distractibility, increased activities. These symptoms support his findings of marked severity in those specific areas identified in his report. As such, the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Morgan's opinion. On the contrary, Dr. Morgan's opinion is amply supported by the longitudinal record.

### B.    Dr. Thomas Genthe

On August 3, 2016, Dr. Thomas Genthe, Ph.D completed a psychological evaluation of Plaintiff. Dr. Genthe noted that Plaintiff had major depressive disorder with anxious distress and "Other Specified Personality Disorder (with mixed features)." AR 599. He found that Plaintiff had *Marked* severity in the following areas: Understand, remember, and persist in tasks by following detailed instructions; Adapt to changes in a routine work setting; Ask simple questions or request assistance; and Complete a normal work day and work week without interruptions from psychologically based symptoms. AR 600. He found Plaintiff had *Moderate* severity in the following areas: Understand, remember, and persist in tasks by following very short and simple instructions; Perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances without special supervision; Learn new tasks; Perform routine tasks without

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

special supervision; Communicate and perform effectively in a work setting; Maintain appropriate behavior in a work setting; and Set realistic goals and plan independently. He noted that the duration would be nine months.

Dr. Genthe noted that Plaintiff presented with a history of problematic personality traits, which can limit treatment interventions of mental health symptoms. He concluded that at that time, Plaintiff was unlikely to function adequately in a work setting until her psychological symptoms could be managed more effectively. He was hoping that given her response to treatment and her willing participation that she may be able to resume fulltime work related activities in nine months.

The ALJ gave no significant weight to the opinions of Dr. Genthe because it appeared to the ALJ that Dr. Genthe conducted only a cursory evaluation and his opinion was unsupported by the mental health examination that he conducted, which the ALJ concluded was unremarkable. The ALJ also suggested that Dr. Genthe may have ignored the PAI findings suggesting that Plaintiff may not have answered questions in a completely forthright manner. The ALJ also noted that Dr. Genthe indicated that Plaintiff's limitations were only expected to last nine months.

The ALJ's conclusions regarding Dr. Genthe's opinion are not supported by the record, and therefore are not legitimate. Dr. Genthe conducted a Personality Assessment Inventory and he provided a detailed interpretive summary of the results that support his conclusions. Notably, the longitudinal record supports Dr. Genthe's conclusions regarding Plaintiff's mental health impairments.

### C. Dr. Michael Jenkins-Guarnieri

On July 27, 2020, Michael Jenkins-Guarnieri, Ph.D, reviewed Drs. Marks and Morgan's records and, relying on the functional limitations associated with the diagnosed conditions, he concluded that Plaintiff may be able to achieve the ability

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

to work after regular and full engagement in comprehensive mental health treatment for 10-14 months. AR 782-783.

The ALJ gave no significant weight to Dr. Jenkins-Guarnieri's opinion because he only reviewed Dr. Morgan and Dr. Marks' reports and because he adopted the functional limitations of Dr. Morgan's reports despite Dr. Morgan noting that future psychological evaluations should be considered.

The ALJ's consideration of Dr. Jenkins-Guarnieri's opinion is not supported by substantial evidence because, as set forth above, Dr. Morgan's opinion is entitled to greater weight than the ALJ gave it. In addition, Dr. Jenkins-Guarnieri's opinion is supported by the longitudinal record.

**2. The ALJ's evaluation of Plaintiff's symptom testimony**

Plaintiff argues the ALJ improperly discredited her testimony. The ALJ found that Plaintiff's pain complaints are disproportionate to the objective medical findings. It concluded that the minimal and mild physical examination findings found throughout the record were inconsistent with Plaintiff's allegation of disabling pain. Additionally, the ALJ found that the objective medical evidence did not fully support the limitations that Plaintiff claimed were caused by her mental impairments.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin* 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304. Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ's credibility assessment is not supported by substantial evidence in the record. Rather, it appears its negative credibility findings are based on a selective review of the evidence. The medical records note that Plaintiff has experienced pain, numbness and tingling in her elbow down to her fingers in her

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

right arm. Also, the record is replete with instances where Plaintiff had swelling in her legs. The fact that no medical provider recommended that she elevate her legs during the day is of no consequence. Additionally, the longitudinal record supports her testimony regarding her mental health limitations.

Plaintiff argues the ALJ improperly discredited her testimony that she was unable to lift more than 10 pounds and crediting this testimony results in a finding that she is disabled pursuant to Medical-Vocational Rule 201.12. The Court agrees. Given Plaintiff's inability to lift more than 10 pounds, she would be limited to sedentary work[3] and should be considered disabled pursuant to Medical-Vocational Rule 201.12.

### 3. Step Five Analysis

Plaintiff argues that the hypothetical posed by the ALJ to the vocational expert was incomplete because the ALJ erred by failing to include the following limitations: occasional handling/fingering with the right dominant upper extremity, absent more than one day per month, off task more than 10% of the time, the need to elevate her legs outside of regularly scheduled breaks and engaging in verbal arguments with coworkers/supervisors.

The Court agrees that the ALJ erred in failing to include the above-listed limitations, as these are supported by substantial evidence in the record. When these limitations were presented to the Vocational Expert, the VE testified that these limitations would preclude competitive employment.

---

[3] 20 C.F.R. § 416.967 defines sedentary work that involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

## VII. Remand for Immediate Award of Benefits

The ALJ erred in discrediting the opinions of Drs. Morgan, Genthe and Jenkins-Guarnieri. If these opinions are given proper weight, a finding that Plaintiff is disabled is mandated. In addition, the ALJ's credibility determination is not supported by substantial evidence in the record. If Plaintiff's testimony is properly credited, the Rules mandate that she be found disabled. As such, a remand for the immediate calculation and award of benefits is both appropriate and required.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for an immediate calculation and award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 7th day of June 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14**